UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
NOV 1 0 2014

PER _____
DEPUTY CLERK

ZEEWEE D. IMPALA, :
    Plaintiff :
:
v. : CIVIL NO. 3:CV-14-1709
:
US DEPARTMENT OF JUSTICE, et al., : (Judge Kosik)
:
    Defendants :

## MEMORANDUM

Zeewee D. Impala, formerly a federal inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania, commenced the above action by filing a document entitled "Complaint for Relief and Jurisdiction." (Doc. 1.) He is no longer confined, and he was not confined at the time he filed this action. He appears to reside in New Haven, Connecticut. Named as defendants are the United States Department of Justice and the Office of the Inspector General. Along with the complaint, Plaintiff has also filed a motion for leave to proceed in forma pauperis in this matter. (Doc. 2.) The Clerk of Court opened this case as a civil rights matter pursuant to 28 U.S.C. §1331. In reviewing the matter, it is clear that Impala seeks mandamus relief. For the reasons that follow, his request to proceed in forma pauperis will be granted for the sole purpose of filing this matter, and his complaint

for mandamus relief will be dismissed.

## I. Background

The gist of Impala's filing is that he sent complaints to the United States Department of Justice and the Office of the Inspector General pertaining to incidents that occurred at USP-Lewisburg while he was an inmate there. He sent the complaints following his release from federal custody, and has not received any responses thereto. The issues appear to include being forced to live with an inmate that had a contagious disease and mail tampering. Impala requests that this court direct Defendants to respond to the complaints.

## II. Discussion

Impala is seeking this court to compel Defendants to provide him with responses to his complaints pending before their offices. His request for relief clearly sounds in mandamus. The writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

The "writ is a drastic remedy that 'is seldom issued and its use is

discouraged.'" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)(quoting In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998)). There are two prerequisites to issuing a writ of mandamus. First, a petitioner must show that he has no other adequate means to attain his desired relief. Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003)(citations omitted). Second a petitioner must show that his right to the writ is clear and indisputable. Id. Mandamus is an extraordinary remedy that can only be granted where a legal duty "'is positively commanded and so plainly prescribed as to be free from doubt.'" Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987)(quoting Richardson v. United States, 465 F.2d 844, 849 (3d Cir. 1972)(en banc), rev'd on other grounds, 418 U.S. 166 (1974)). It is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984)(citations omitted); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). "[O]nly 'exceptional circumstances amounting to a judicial usurpation of power' will justify issuance of the writ." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988)(citations omitted). "[T]he party seeking mandamus has the 'burden of showing that its right to issuance of the writ is clear and indisputable.'" Id.

Issuance of a writ of mandamus in this case is inappropriate as it is clear Impala has other available remedies and is, in fact, utilizing them. The issues Impala is

attempting to pursue with Defendants are presently pending before this court in a civil action he filed on September 20, 2011. See Mpala v. United States[1], Civil Action No. 3:11-cv-1748. To the extent any of the issues he seeks to pursue with the above Defendants are not included in the lawsuit currently pending before this court, his request for mandamus relief will be dismissed without prejudice to any right he may have to file a proper civil action. See Weldon v. U.S. Attorney for the Middle District, 2008 WL 4427199, at *1 (3d Cir. Oct. 2, 2008). An appropriate order will issue.

---

[1] Plaintiff spells his last name "Mpala" as opposed to "Impala" in this action.